IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| ADVANTAGE SPORTS § | CASE NO. 20-40667 |
| COMPLEX, LLC, § | (Chapter 7) |
| § | |
| Debtor. § | |
| § | |
| ZIMMERN LAW FIRM, P.C., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Adv. Proc. No. 20-04078 |
| § | |
| ADVANTAGE SPORTS § | |
| COMPLEX, LLC, § | |
| § | |
| Defendant. § | |

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

Zimmern Law Firm, P.C. ("**Zimmern Law**" or "**Plaintiff**") seeks to establish a claim against Advantage Sports Complex, LLC (the "**Debtor**" or "**Defendant**") for damages of more than $2,000,000 arising out of claims of fraud, conspiracy, and unjust enrichment. The Court conducted a trial on Zimmern Law's claims against the Debtor on February 23, 2022. At the conclusion of the trial, the Court took the matter under advisement to prepare this detailed written ruling. The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, as applied to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052.

**PROCEDURAL HISTORY**

1. On March 2, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"),

1

commencing the above-captioned chapter 11 case.[1] Originally, the Debtor's case was jointly administered with another chapter 11 case filed by Advantage Sports, Inc. (Case No. 20-40666).

2. The Debtor owned an athletic facility on commercial property, commonly known as 2800 I35 East, Carrollton, Texas 75007-4405 (the "**Carrollton Property**").

3. On May 19, 2020, Zimmern Law filed a Proof of Claim (the "**Claim**"), which this Court assigned Claim No. 9. The Claim attached a promissory note and deed of trust signed by John Sample, individually, and Zimmern Law in May 2016.

4. The total amount of the Claim was $2,604,891.87. The Claim consisted of $2.1 million in principle (including the original $2 million promissory note and $100,000 for an extension of the note), $200,000 in late fees, and $304,891.87 in interest through the petition date. Zimmern Law asserted that $2 million of the Claim amount was secured by a lien on the Carrollton Property.

5. On June 18, 2020, the Debtor filed an objection to the Claim (the "**Claim Objection**"). The Debtor requested that the Claim be disallowed because the Debtor was not the maker of the note or the grantor under the deed of trust attached to the Claim.

6. Zimmern Law responded to the Claim Objection, asserting that the Debtor obtained the Carrollton Property under false pretenses and that the Debtor, as the alter ego of its majority owner, John Sample, was attempting to use bankruptcy as a shield to aid in fraud and be unjustly enriched at the expense of Zimmern Law.

---

[1] After the Petition Date, on March 20, 2020, Zimmern Law sued the majority owner of the Debtor, John Sample, and his wife, Donna, in the District Court of Dallas County, Texas, Cause No. 20-04652. On February 24, 2021, John and Donna Sample jointly filed a chapter 7 case in the United States Bankruptcy Court for the Northern District of Texas, Case No. 21-40385. Zimmern Law filed an adversary proceeding objecting to the entry of a discharge in the Samples' individual case as well as the dischargeability of their alleged debts to Zimmern Law (Adv. Proc. No. 21-4037). In addition, Zimmern Law initiated an adversary proceeding in this Court (Adv. Proc. No. 21-4078) against Veritex Community Bank, Capital Certified Development, and the United States Small Business Administration, that is closely related to the claims in this proceeding.

7. On August 12, 2020, Zimmern Law filed its Original Complaint to Determine Validity, Priority, or Extent of Lien, commencing this adversary proceeding.

8. On September 1, 2020, the parties jointly moved to consolidate the Debtor's objection to Zimmern Law's Claim with this adversary proceeding. The Court orally granted the motion.

9. On September 14, 2020, the Debtor filed its Answer and Counterclaim.

10. Zimmern Law requested and was granted leave to amend its complaint as well as its answer to the Debtor's counterclaim. Zimmern Law filed its First Amended Complaint and its First Amended Answer and Affirmative Defenses on December 16, 2020.

11. The Debtor filed its Original Answer and Affirmative Defenses to Plaintiff's First Amended Complaint on December 28, 2020.

12. The Debtor filed a motion seeking a partial summary judgment as to Zimmern Law's request for an order allowing its secured claim against the Carrollton Property. The Court conducted a hearing on the Debtor's motion on February 2, 2021.

13. On February 26, 2021, for the reasons stated on the record at the conclusion of the February 2nd hearing, the Court granted the Debtor's motion for a partial summary judgment. The Court concluded as a matter of law, pursuant to 11 U.S.C. § 544(a) and Federal Rule of Bankruptcy Procedure 7001(9), the bankruptcy estate's ownership interest in the Carrollton Property is not encumbered by an equitable lien or the deed of trust filed by Zimmern Law in June 2019 (as discussed below).

14. In the jointly administered bankruptcy case of Advantage Sports, Inc. (Case No. 20-40666), the United States Trustee moved to dismiss or convert both cases to chapter 7. On June 2, 2021, the Court entered an Agreed Order Granting, in Part, the United States Trustee's

Motion to Dismiss or Convert (the "**Agreed Order**"). The Debtors failed to satisfy the terms of the Agreed Order, and, on August 24, 2021, the Court converted both their cases to liquidation cases under chapter 7 of the Bankruptcy Code.

15. Christopher J. Moser was thereafter appointed as the chapter 7 trustee of the Debtors' bankruptcy cases.

16. The chapter 7 trustee moved to terminate the joint administration of the two bankruptcy cases because the assets of each estate were different.

17. On October 21, 2021, the Court entered an Order Terminating Joint Administration of Cases in Case No. 20-40666.

18. On November 3, 2021, in the underlying bankruptcy case (Case No. 20-40667), the chapter 7 trustee withdrew the balance of the Debtor's Claim Objection.

19. The Court conducted a trial on Zimmern Law's adversary complaint on February 23, 2022. The chapter 7 trustee did not appear for trial.[2] Zimmern Law appeared and presented evidence and arguments in support of its First Amended Complaint. The evidence included the testimony of Zimmern Law's sole shareholder, Kenneth "Ken" Zimmern, and numerous exhibits.

20. At the conclusion of the trial, in closing, Zimmern Law withdrew several of the counts in its First Amended Complaint. The Court granted Zimmern Law's request to file a second amended complaint to withdraw those counts and add a count for breach of contract and a request for an award of its attorneys' fees based on the evidence admitted at trial.[3]

---

[2] In light of the chapter 7 trustee's decision not to appear, the Court will not address the Debtor's arguments in its answer and counterclaim (which the Debtor filed prior to the appointment of the trustee) that Zimmern Law's deed of trust is void under Texas law because it was not signed by the Debtor or the Debtor's argument that it was a good faith purchaser of the Carrollton Property with priority over any unrecorded interest under 11 U.S.C. § 544.

[3] Zimmern Law argued at trial that the Debtor ratified its loan to John Sample and then breached its obligation to repay the Zimmern Loan.

21. Zimmern Law filed its Second Amended Complaint on March 9, 2022, seeking damages of "more than $2,000,000". In its Second Amended Complaint, Zimmern Law asserted five counts against the Debtor: (1) Alter ego/reverse piercing the corporate veil; (2) unjust enrichment; (3) common law fraud; (4) conspiracy to commit fraud; and (5) Zimmern Law requested "that the Court now consider the Proof of Claim, Objection and Response together with adjudicating the parties' rights in this Adversary." Zimmern Law's Second Amended Complaint does not include a count for breach of contract or any request for attorney's fees.

22. At a hearing on April 19, 2022, counsel for Zimmern Law confirmed that Zimmern Law was not pursuing a claim for breach of contract. Counsel withdrew Zimmern Law's request for attorney's fees on the record.

## FINDINGS OF FACT[4]

23. John Sample ("**Sample**") sought to purchase the Carrollton Property from the Ignacio A. Del Castillo Family Limited Partnership ("**Del Castillo**") for approximately $15,000,000.

24. In or around February 2016, Sample applied to Green Bank, NA. ("**Green Bank**") for a loan in the amount of $15,000,000. In a letter dated February 18, 2016, which Zimmern Law introduced as Exhibit 23, Green Bank outlined the preliminary terms of the loan, which included using Advantage Sports, Inc., which Sample had already formed, as the operating company and forming a new company to hold title to the Carrollton Property. The February 16th letter also required an equity infusion of 10% of the project ($1,500,000) plus closing costs.

25. According to the Certificate of Formation and Company Agreement, which Zimmern Law introduced as Exhibit 36, Sample organized the Debtor, Advantage Sports

---

[4] These findings of fact are not intended to have any preclusive effect in the litigation Zimmern has brought against Green Bank (now known as Veritex Community Bank), which is not a party to this proceeding.

Complex, LLC, on April 14, 2016. Sample was the 80% owner of the Debtor. Bellinger Family, L.P. was the other owner, and John Sample, Donna Sample, and Glen Bellinger were managers of the Debtor.

26. According to a letter Zimmern Law introduced as Exhibit 19, Green Bank conditionally approved the Debtor's loan application on or around May 17, 2016.

27. In its conditional approval letter, Green Bank required the Debtor to provide proof of an equity injection of $1,500,000 for the real estate purchase as well as to pay for certain closing costs and minor improvements. Green Bank also required John Sample and his wife, Donna, to guaranty the Debtor's obligations.

28. According to text messages Zimmern Law introduced as Exhibit 29, John Sample communicated with Anthony Vacarro, a senior vice president of investments at Raymond James, throughout May 2016 regarding the purchase of the Carrollton Property. Their messages referenced communications with Ken Zimmern and the delivery of documents to Ken Zimmern.

29. Zimmern Law agreed to provide Sample with $2 million loan, a substantial portion of which Sample used to make the equity injection in the Debtor necessary to obtain financing for the purchase of the Carrollton Property.

30. John Sample, individually, entered into a note (the "**Zimmern Loan**") with Zimmern Law on May 25, 2016. The original loan to Sample was for $2 million plus accruing interest and collection fees, if any, and the note required monthly interest payments. Sample and Zimmern Law entered into a Balloon Rider whereupon the Zimmern Loan would have to be paid in full within 2 years.

31. On May 25, 2016, Sample signed a deed of trust that purported to give Zimmern Law a lien on the Carrollton Property to secure Sample's obligations under the note. Sample did not own the Carrollton Property at the time he signed the deed of trust.

32. Accordingly, Zimmern Law did not immediately file its deed of trust in the real property records.

33. On June 1, 2016, John Sample and his wife, Donna, signed a Unanimous Consent of the Members and Managers of Advantage Sports Complex, LLC in Lieu of Special Meeting as managers of the Debtor. The Unanimous Consent authorized Sample to acquire the Carrollton Property pursuant to the terms of the Green Bank loan. The Unanimous Consent also provided that "all actions taken by any Members, Managers, and/or offers of the Company prior to the date hereof with respect to the matters referenced herein are hereby ratified in their entirety."

34. Although the loan documents were signed on May 25, 2016, Zimmern Law waited until June 2, 2016, to fund the loan by wiring approximately $2,000,000 to Mr. Sample's personal account. The previous balance for the account was $0.

35. Ken Zimmern testified at trial, but he did not address how he knew John Sample or explain any specific communications he had with Sample about the purchase of the Carrollton Property.

36. The Debtor closed on the Carrollton Property on June 30, 2016. John Sample, individually, transferred the required equity injection from his personal account on or about July 1, 2016. Green Bank recorded its deed of trust on July 7, 2016.

37. In May 2018, Sample requested an extension of the payoff deadline for the note. Zimmern Law agreed the extension. However, Sample ceased making monthly interest payments to Zimmern Law in or around January 2019.

38. At Sample's request, Zimmern Law sent Sample a letter detailing the payoff amount for the Zimmern Loan on April 2, 2019. Ken Zimmern, who signed the letter, stated that he would refrain from any collection activity "for the time being" in light of Sample's representation that he intended to pay off the Zimmern Loan with the proceeds of an imminent refinancing of the Carrollton Property.

39. Approximately three years after the loan transaction, on June 25, 2019, Zimmern Law recorded its deed of trust in the real property records for Denton County, and on June 26, 2019, Zimmern Law recorded its deed of trust in the real property records for Dallas County.

40. Zimmern Law filed its Claim against the Debtor on May 19, 2020.

## CONCLUSIONS OF LAW

Zimmern Law's Second Amended Complaint asserts five counts against the Debtor: (1) Alter ego/reverse piercing the corporate veil; (2) unjust enrichment; (3) common law fraud; (4) conspiracy to commit fraud; and (5) Zimmern Law requests that the Court "consider the Proof of Claim, Objection and Response together with adjudicating the parties' rights in this Adversary." In light of its factual findings, the Court makes the following conclusions of law.

### Zimmern Law's Proof of Claim

1. In its Second Amended Complaint filed after trial, Zimmern Law requests that the Court consider "the Proof of Claim, Objection and Response together with adjudicating the parties' rights in this Adversary."

2. As previously discussed, Zimmern Law filed a Claim in the total amount of $2,604,891.87 against the bankruptcy estate, asserting that $2 million its Claim was secured by the Debtor's real estate. The Debtor objected to the allowance of Zimmern Law's Claim. Zimmern

Law thereafter filed this adversary proceeding, and this proceeding was consolidated with the Debtor's objection to Zimmern Law's Claim.

3. On February 26, 2021, the Court granted partial summary judgment to the Debtor, determining that the estate's interest in the Carrollton Property is not encumbered by an equitable lien or the deed of trust filed by Zimmern Law. On November 3, 2021, after the conversion of the main bankruptcy case to chapter 7, the chapter 7 trustee withdrew the balance of the Debtor's objection to Zimmern Law's Claim.

4. Section 502 of the Bankruptcy Code provides that "a claim or interest, proof of which is filed under § 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). The legislative history of § 502 provides in relevant part, that "a proof of claim or interest is prima facie evidence of the claim or interest. Thus, it is allowed under subsection (a) unless a party in interest objects." House Rep. No. 95-595, 95th Cong., 1st Sess. 351 (1977); Senate Rep. No. 95-989, 95th Cong., 2d Sess. 62 (1978).

5. Here, considering the Court's prior ruling on summary judgment, as well as the chapter 7 trustee's withdrawal of the objection to Zimmern Law's Claim, Zimmern Law's Claim in the total amount of $2,604,891.87 is deemed allowed as an unsecured claim under § 502(a) of the Bankruptcy Code.

### Zimmern Law's Adversary Complaint

6. In its Second Amended Complaint, Zimmern Law asserts claims that the Debtor conspired with Sample to defraud it and that the Debtor was unjustly enriched by the proceeds of the Zimmern Loan. In addition, Zimmern Law seeks to hold the Debtor liable for Sample's alleged fraud based on theories of alter-ego and reverse veil piercing.

7. At trial, Zimmern Law did not establish any damages arising from the claims asserted in the Second Amended Complaint separate and apart from the unpaid balance of the Zimmern Loan.

8. Zimmern Law's Claim for the unpaid balance of the Zimmern Loan is deemed allowed against the Debtor's bankruptcy estate by operation of the Bankruptcy Code, as discussed above.

9. The Court, therefore, need not reach the various claims asserted in Zimmern Law's Second Amended Complaint seeking to hold the Debtor liable for the Zimmern Loan.[5]

## CONCLUSION

For the foregoing reasons, the Court concludes that Zimmern Law's claims for alter ego/reverse piercing the corporate veil, unjust enrichment, common law fraud; and conspiracy to commit fraud should be denied. The Court further concludes that Zimmern Law's Claim is deemed allowed as an unsecured claim by § 502(a) of the Bankruptcy Code. The Court will enter a separate judgment consistent with these findings of fact and conclusions of law.

Signed on 9/30/2022

_Brenda T. Rhoades_ ST
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[5] The allowance of Zimmern Law's proof of claim is not intended to endorse or approve Zimmern Law's claims in this adversary proceeding. Indeed, on the record before this Court, it is questionable whether Zimmern Law could establish fraud or fraudulent inducement by Sample.